UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES E. DENNY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:23-CV-1330 NCC** |
| | ) | |
| **DENT COUNTY JAIL and BOBBY D.** | ) | |
| **WELLS, Sheriff, Dent County, Missouri,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of self-represented plaintiff James Denny's Affidavit in Support of Request to Proceed *in Forma Pauperis*. (ECF No. 2). For the reasons discussed below, the Court will order plaintiff to file a motion to proceed *in forma pauperis* and an amended complaint.

### Initial Partial Filing Fee

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Although plaintiff has filed an affidavit in support of his purported motion to proceed *in forma pauperis*, plaintiff has not yet filed such a motion. Further, plaintiff did not submit a certified copy of his "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of his complaint, which is required when seeking *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(2); *see also* 28 U.S.C. § 1915(h) (defining a "prisoner" as including a person detained in any facility who is accused of violations of criminal law). Accordingly, the Court will order plaintiff to either file an application to proceed *in forma pauperis*, or pay the Court's filing fee in full, within 30 days of the date of this Order. If plaintiff opts to file the application, he shall also file a certified copy of his inmate account statement covering the six-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2). A "certified copy" is one that has been certified by an authorized prison officer that is a true and correct copy.

### The Complaint

Plaintiff is an inmate at the Fulton Reception and Diagnostic Center in Fulton, Missouri. (ECF No. 1). He brings this suit under 42 U.S.C. § 1983 against Dent County Sheriff Bob Wells in his individual capacity and the Dent County Jail ("Jail"). *Id.* Plaintiff filed this suit using the Western District of Missouri's "Prisoner Complaint" form. *Id.* He attached thereto several handwritten pages. (ECF No. 1-1).

Plaintiff's complaint is defective because it was not drafted on the Eastern District's Prisoner Civil Rights Complaint form. *See* E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable. If an action is not filed on a Court-provided form, the Court, in its discretion, may order the self-

represented plaintiff or petitioner to file the action on a Court-provided form."). The Court will give plaintiff 30 days to file an amended complaint using the Court's form.

### Instructions for Filing Amended Complaint

In the "Caption" section of the complaint form, plaintiff must state the first and last name of each defendant, if known. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). If there is not enough room in the caption, plaintiff may include additional sheets of paper. Plaintiff must clearly list all defendants and indicate whether he intends to sue each in their individual capacity, official capacity, or both. Plaintiff should avoid naming any defendant that is not directly related to his claim(s). Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. Then, in separate numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence. Put another way, all of plaintiff's claims should be related to each other. *See* Fed. R. Civ. P. 20(a)(2). If, however, plaintiff is suing only a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. If plaintiff is suing a defendant in their individual capacity, he is

required to allege facts demonstrating that defendant's personal responsibility for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). If plaintiff is suing multiple defendants, he must establish each defendant's responsibility for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). A conclusory allegation regarding a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted).

Plaintiff must fill out the Court-provided form completely, including the "Injuries" section. There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis.*" *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

Plaintiff is warned that an amended complaint completely replaces the original complaint. That is, any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

4

After receiving the amended complaint, the Court will review it under 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within 30 days in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**Motion to Appoint Counsel**

Plaintiff has also filed a motion to appoint counsel (ECF No. 3). The motion will be denied at this time. In civil cases, a litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review. Further, plaintiff has demonstrated up to this point that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

**Conclusion**

For the reasons discussed above, the Court will order plaintiff to either file an application to proceed *in forma pauperis*, or pay the Court's filing fee in full, within 30 days of the date of this Order. The Court will also order plaintiff to file an amended complaint within 30 days of the date of this Order. The Court will deny plaintiff's motion to appoint counsel. (ECF No. 3).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that within **30 days** of the date of this Order, plaintiff shall either pay the Court's filing fee in full or submit a completed Application to Proceed in District Court without Prepaying Fees. If plaintiff elects to file an application to proceed *in forma pauperis*, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that within **30 days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form in accordance with this Court's instructions.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

_____ /s/ Noelle C. Collins _____

**NOELLE C. COLLINS**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 29th day of January, 2024.