# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES E. DENNY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:23-CV-1330 NCC |
| | ) |
| DENT COUNTY JAIL and BOBBY D. | ) |
| WELLS, Sheriff, Dent County, Missouri, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff has filed the following motions with the Court: (1) motion for extension of time to file an amended complaint, (2) motion to appoint counsel, and (3) motion for leave to proceed *in forma pauperis*. (ECF Nos. 11, 12, 13). Having reviewed plaintiff's motions, the Court will grant the motion for extension of time and the motion for leave to proceed *in forma pauperis*. The Court will deny the motion to appoint counsel.

### Motion to Proceed *In Forma Pauperis*

On September 29, 2023, plaintiff filed a document titled: "Affidavit in Support of Request to Proceed *In Forma Pauperis*." (ECF No. 2). But plaintiff did not file a motion to proceed *in forma pauperis*. In its Order dated January 29, 2024, the Court directed plaintiff to either submit a completed "Application to Proceed in District Court without Prepaying Fees" or pay the filing fee no later than February 28, 2024. (ECF No. 10). Plaintiff chose to file the Application.

Plaintiff's Application reflects that he is unable to pay the filing fee in this matter. Therefore, the Court will grant plaintiff's request to proceed in this civil matter without prepaying fees or costs. *See* 28 U.S.C. § 1915(a)(1) (the Court may authorize the commencement or

prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor.").[1]

## Motion to Appoint Counsel

Plaintiff has filed a second motion to appoint counsel (ECF No. 12). The Court will deny the motion. As explained in the previous order, a litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Here, plaintiff has yet to file a complaint that survives initial review. Further, plaintiff has demonstrated up to this point that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

---

[1] Plaintiff is a civil detainee at the Fulton Diagnostic & Reception Center in Fulton, Missouri. (ECF No. 1). Civil detainees are not "prisoners" for the purposes of 28 U.S.C. § 1915(b). *See* 28 U.S.C. § 1915(h) (defining "prisoner"); *Strutton v. Adams*, No. 4:05CV502FRB, 2005 WL 1690547, at *2 (E.D. Mo. July 18, 2005). Thus, the Court will not order plaintiff to pay an initial partial filing fee. *See id.*

**Motion for Extension of Time**

On January 29, 2024, the Court ordered plaintiff to file an amended complaint by February 28, 2024. (ECF No. 10). Plaintiff now seeks an extension of time to file his amended complaint pending his second motion to appoint counsel. (ECF No. 11). As discussed above, the Court will deny plaintiff's second motion to appoint counsel. Plaintiff shall have twenty-one (21) days to file an amended complaint in accordance with the Court's January 29, 2024 Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time and motion for leave to proceed *in forma pauperis* are **GRANTED**. (ECF Nos. 11 & 13).

**IT IS FURTHER ORDERED** that plaintiff's second motion to appoint counsel is **DENIED**. (ECF No. 12).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the complaint (ECF No. 1), a copy of the Court's January 29, 2024 Order (ECF No. 10), and a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form in accordance with this Court's instructions.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice. The Court will not grant another extension of time for plaintiff to file his amended complaint.

Dated this 14th day of March, 2024.

                                              /s/ Noelle C. Collins
                                              NOELLE C. COLLINS
                                              UNITED STATES MAGISTRATE JUDGE