**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES E. DENNY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:23-CV-01330 NCC** |
| | ) | |
| **DENT COUNTY JAIL, and,** | ) | |
| **BOBBY D. WELLS, SHERIFF,** | ) | |
| **DENT COUNTY, MISSOURI,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on self-represented plaintiff James Denny's "Motion for Change of Judge," which this Court interprets as a motion for recusal of the undersigned. [ECF No. 16]. Within the motion for recusal, plaintiff also seeks an extension of time to file his amended complaint, which was due to the Court by April 4, 2024. Plaintiff further seeks to renew his motion for appointment of counsel, which was denied on March 14, 2024. *Id.*

For the following reasons, plaintiff's motion for recusal will be denied. The Court, however, will grant plaintiff an extension of time of fourteen (14) days from the date of this Memorandum and Order to file his amended complaint. This will be the last extension of time provided to plaintiff to file an amended pleading. Plaintiff's renewed motion for counsel will be denied at this time.

**Background**

Plaintiff James Denny is a civil detainee currently confined at Fulton Reception and Diagnostic Center in Fulton, Missouri. He filed this civil rights action pursuant to 42 U.S.C. §

1983 in the United States District Court for the Western District of Missouri on September 29, 2023, against Dent County Jail and Sheriff Bob Wells. [ECF No. 1].

In his initial complaint filed in the United States District Court for the Western District of Missouri, plaintiff alleged numerous issues related to his conditions of confinement while housed at the Dent County Jail in Salem, Missouri. He asserted violations of his "right to religious freedom," "abuse of power" by jail administration at Dent County Jail, discriminatory comments to GLBTQ inmates by a "jail approved pastor," denial of medical care by unknown staff at the jail, retaliation for complaining about civil rights violations and harassment from staff members at the jail. Along with his initial complaint on September 29, 2023, plaintiff also filed a motion for appointment of counsel. [ECF No. 3].

On October 12, 2023, the Honorable Stephen R. Bough transferred plaintiff's action to the instant Court finding that pursuant to the federal venue statute, 28 U.S.C. § 1391(b), venue for this case was proper in the United States District Court for the Eastern District of Missouri, as the events giving rise to plaintiff's claims occurred in Salem, Missouri. *See also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). [ECF No. 2].

On January 29, 2024, the instant Court ordered plaintiff to file an amended complaint on a Court-provided form pursuant to Local Rule 2.06(A). Plaintiff was also ordered to file a motion to proceed in forma pauperis. [ECF No. 10]. Alternative to filing a motion to proceed in forma pauperis, plaintiff was ordered to pay the full filing fee of $405. *Id.* Plaintiff was ordered to comply with the Court's Order no later than February 28, 2024, and he was given instructions on how to

amend his pleading to comply with this Court's Local Rules and the Federal Rules of Civil Procedure. *Id.*

In the Court's January 29, 2024 Memorandum and Order, the Court additionally reviewed plaintiff's initial request for appointment of counsel filed on September 29, 2023. *Id*. Finding that plaintiff had not yet submitted a non-frivolous claim that had survived initial review and that the facts and legal issues were not unduly complex, the Court ordered that counsel was not warranted in this matter. Although plaintiff's motion for counsel was denied, he was told that the Court would entertain future motions for appointment of counsel as the case progressed. [ECF No 10].

On February 28, 2024, the Court received a request from plaintiff seeking an extension of time to submit his amended complaint. [ECF No. 11]. In addition to his request for extension, he also filed a second motion for appointment of counsel, and plaintiff filed a motion to proceed in forma pauperis. [ECF Nos. 12 and 13]. On March 14, 2024, the Court granted plaintiff's request to proceed in forma pauperis, granted plaintiff an additional twenty-one (21) days to amend his complaint on a Court-provided form, and provided plaintiff copies of his initial complaint, the Court's January 29, 2024 Memorandum and Order and a new Prisoner Civil Rights Complaint form for use in crafting his amended complaint. [ECF No. 14]. However, the Court again denied plaintiff's request for counsel, which was his second motion for appointment of counsel in this action. *Id.*

The Court again noted in its order denying counsel that plaintiff had not yet stated non-frivolous claims for review in this matter. Additionally, he had demonstrated, up to this point in the litigation, that he could adequately present his claims to the Court. Moreover, his claims in the lawsuit were neither factually nor legally complex. As such, plaintiff was told that the Court would

deny plaintiff's request for counsel, without prejudice, with leave for future motions of counsel to be brought as the case progressed. [ECF No 14].

Plaintiff's amended complaint was due to the Court no later than April 4, 2024. On April 8, 2024, the Court received from plaintiff the instant motion for recusal and request for extension of time to file his amended pleading. [ECF No. 16].

**Motion for Recusal, Extension of Time and Renewal of Motion for Counsel**

In his motion for recusal, plaintiff argues that the undersigned should recuse from this action "on grounds of bias." *Id.* Plaintiff claims that he needs help to "present [his] case to the Court and gain justice." Despite this Court's assertions that plaintiff's case was "not complex," plaintiff claims his case involves "psychological [sic] abuse plus PTSD which are too complex" for plaintiff to present on his own. Specifically, plaintiff states in his motion, "I feel like gay rights and hate crimes against GLBTQ people does not matter to this Court and particularly Judge Collins." *Id.*

As noted, *supra*, plaintiff seeks not only a change of judge in this matter, but he also requests an extension of time to submit his amended complaint on a Court-provided form. He states, "I feel like the deadline to refile my case petition should be extended until well after you rule on my motion for change of judge."

Last, plaintiff appears to request a renewal of the denial of his motion for appointment of counsel. He states that he is not skilled enough to properly file a court petition and that his motion for appointment of counsel should be granted.

**Discussion**

Plaintiff argues that the undersigned should recuse from this action "on grounds of bias." The purported bias identified by plaintiff in his motion appears to be the Court's prior two denials, without prejudice, of his motions for appointment of counsel. [ECF Nos. 10 and 14].

The recusal of a judge is required if the judge bears a bias or prejudice that might call into question his or her impartiality. *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017). *See also* 28 U.S.C. § 455. In other words, the disqualification of a judge "is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014). However, a judge is presumed to be impartial, meaning that the party that seeks recusal bears a substantial burden of proving otherwise. *Scenic Holding, LLC v. New Bd. of Trustees of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 662 (8th Cir. 2007). Moreover, "an unfavorable judicial ruling does not raise an inference of bias or require the trial judge's recusal." *Moran v. Clarke*, 296 F.3d 638, 649 (8th Cir. 2002). *See also United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) ("Judicial rulings rarely establish a valid basis for recusal").

Here, plaintiff does not seek recusal of the undersigned due to any known bias or prejudice. Rather, the only purported prejudices identified by plaintiff are the *without prejudice* rulings by this Court denying counsel to plaintiff on January 29, 2024 and March 14, 2024. The motion for recusal asserts no facts demonstrating the undersigned's bias or partiality, or any other disqualifying circumstance. "An adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 665 (8th Cir. 2003) (citations omitted). Moreover, as noted in both of the Court's prior orders denying counsel, plaintiff has not yet produced an amended complaint in this action.

This Court cannot ascertain whether plaintiff's amended complaint is able to survive frivolity review under 28 U.S.C. § 1915 without the benefit of such pleading.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim… and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). Because plaintiff has not yet filled out the Court-provided form provided to him with the January 29, 2024 Memorandum and Order, he has not stated a non-frivolous claim for relief in this matter. The assertion that this Court does not wish to preside over "hate crimes against GLBTQ people" or that such cases do not matter to the judicial branch (or the undersigned) is unfounded. Finding no reason for the undersigned's recusal in this matter, plaintiff's request will be denied.

**Instructions for Filing Amended Complaint**

The Court will grant plaintiff a fourteen (14) day extension of time to file his amended pleading in this matter on a Court-provided form. In the "Caption" section of the complaint form, plaintiff must state the first and last name of each defendant, if known. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). If there is not enough room in the caption, plaintiff may include additional sheets of paper. Plaintiff must clearly list all defendants and indicate whether he intends to sue each in their individual capacity, official capacity, or both. Plaintiff should avoid naming any defendant that is not directly related to his claim(s). Plaintiff

should put his case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. Then, in separate numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence. Put another way, all of plaintiff's claims should be related to each other. *See* Fed. R. Civ. P. 20(a)(2). If, however, plaintiff is suing only a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. If plaintiff is suing a defendant in their individual capacity, he is required to allege facts demonstrating that defendant's personal responsibility for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). If plaintiff is suing multiple defendants, he must establish each defendant's responsibility for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). A conclusory allegation regarding a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general

responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted).

Plaintiff must fill out the Court-provided form completely, including the "Injuries" section. There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than de minimis." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

Plaintiff is warned that an amended complaint completely replaces the original complaint. That is, any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

After receiving the amended complaint, the Court will review it under 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form in a timely manner and in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**Plaintiff's Motion for Renewal of his Motion for Appointment of Counsel**

In his motion for recusal plaintiff also seeks to renew his motion for appointment of counsel. After reviewing the reasons given for appointment of counsel at this stage of the litigation, the Court must decline to do so. In civil cases, a litigant does not have a constitutional or statutory right to appointed counsel. *Ward*, 721 F.3d at 942; *Stevens*, 146 F.3d at 546. Rather, a district court

may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850. When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review, and he has failed to file an amended complaint that complies with 28 U.S.C. § 1915. Further, plaintiff has demonstrated up to this point that he can adequately present his claims to the Court through motion practice. Further, nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Moreover, defendants have yet to be served with process and discovery has not begun, so there is no conflicting testimony. However, recognizing that circumstances may change, the Court will deny the motion for renewal of his motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for recusal, or "Motion for Change of Judge" [ECF No. 16] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's request for extension of time to file his amended complaint is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that no later than fourteen (14) days from the date of this Memorandum and Order, plaintiff shall file an amended complaint on the Court-provided form in accordance with this Court's instructions. Plaintiff will not be granted any additional extensions of time to file his amended pleading.

**IT IS FURTHER ORDERED** that plaintiff's request for renewal of his motion for appointment of counsel is **DENIED AT THIS TIME.**

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 10th day of May, 2024.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE